UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE HUIT,<br><br>        Plaintiff,<br><br>      v.<br><br>FRANK TREVINO,<br><br>        Defendant. | Case No. CV 22-00632 (JEM)<br><br>**ORDER TO SHOW CAUSE** |

    On January 28, 2022, Plaintiff Brigette Huit (also known as Brigette Michelle Huit and Brigette Michelle Huit Brownbey) lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), along with a request to proceed in forma pauperis ("IFP Request").  The Court has recommended to the District Judge that the IFP Request be denied because the Complaint is legally and/or factually patently frivolous.

    As set forth more fully below, Plaintiff is far from a first-time litigant in this Court. Rather, she has previously filed at least nine other actions in the Central District since 2019 raising claims similar to those advanced in the instant Complaint.  Each of these actions has been meritless and resolved against her, and it is clear that going forward Plaintiff will continue to abuse the judicial process and consume this Court's time and resources with frivolous litigation.

Accordingly, the Court finds that it is appropriate to warn Plaintiff that she may be deemed a vexatious litigant. This Order places Plaintiff on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon her before she may file any future IFP application, complaint, or petition with this Court.

I.    **APPLICABLE LAW REGARDING VEXATIOUS LITIGANTS**

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.3d at 1148; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long). However, because restricting access to the courts is a "serious matter," Ringgold-Lockhart, 761 F.3d at 1061, district courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances. Molski, 500 F.3d at 1057.

Local Rule 83-8 governs vexatious litigant determinations in the Central District. It provides:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Local Rule 83-8.2. "Any order issued under [Local Rule]. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Local Rule 83-8.3; see also DeLong, 912 F.2d at 1147 (To support a vexatious litigant finding, "[a]t the least, the records needs to show, in some manner, that the litigant's activities were numerous or abusive.").

In making a vexatious litigant finding, a district court must "comply with certain procedural and substantive requirements" set forth by the Ninth Circuit before imposing pre-filing restrictions. Ringgold-Lockhart, 761 F.3d at 1062.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

De Long, 912 F.2d at 1147-48 (internal quotations and citations omitted).

While the first two requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "'helpful framework'" in "'applying the two substantive factors.'" Ringgold-Lockhart, 761 F.3d at 1062 (quoting Molski, 500 F.3d at 1058). These substantive considerations are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). According to the Ninth Circuit, "[t]he final consideration – whether other remedies 'would be

adequate to protect the courts and other parties' is particularly important." Ringgold-Lockhart, 761 F.3d at 1062.

The Court addresses these factors below.

## II. DISCUSSION

### A. Notice and Opportunity to Be Heard

The Court hereby notifies Plaintiff that it is considering a vexatious litigant order for the reasons set forth in this Order. As discussed below, Plaintiff must file a written response no later than **February 21, 2022**, explaining why she should not be deemed a vexatious litigant.

### B. An Adequate Record for Review

Plaintiff has filed numerous unsuccessful civil rights actions in this Court since 2019. Plaintiff is expressly notified that the Court finds the following cases demonstrate a pattern of frivolous and harassing filings by Plaintiff in this Court:

(1) Brigette Michelle Huit v. United States, et al., Case No. CV 19-3068-PA (JEM) (filed 4/19/19, dismissed 4/23/19). The Court found the Complaint, which was 180-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Officer Frank Trevino and various unnamed individuals engaged in a massive conspiracy, which included drugging, poisoning, constant surveillance, and "illegal and unlawful implantation insertion and transplantation of unidentified 'man made' foreign object to be called 'nano bugs' in to the scalps head and bodies" of Plaintiff and her family members. The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 6.)

(2) Brigette Michelle Huit v. United States, et al., Case No. CV 19-4278-PA (JEM) (filed 5/16/19, dismissed 5/21/19). The Court found the Complaint, which was 144-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that she and/or her family members were the targets of a massive conspiracy between a wide range of individuals, including Officer Frank Trevino, various government officials, and various medical personnel. The Complaint included allegations that Defendants' engaged in various acts that caused harm to Plaintiff and/or her

4

family member, including: intercepting mail, destroying personal property, implanting foreign objects into heads and bodies, constant surveillance, heavy metal poisoning, and employing "sonic boom technology." The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 7.)

(3) Brigette Michelle Huit v. Frank Trevino, et al., Case No. CV 19-6745-PA (JEM) (filed 8/2/19, dismissed 8/5/19). The Court found the Complaint, which was 89-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that she and/or her family members were the targets of a massive conspiracy between Sergeant Frank Trevino and other government officials and private citizens. Plaintiff alleged that Defendants were conducting 24-hour illegal surveillance, poisoning Plaintiff and/or her family members, and were "positioning [] strangers in our rafter[s] and contaminat[ing] all our foods and belongings." The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 9.)

(4) Brigette Michelle Huit Brownbey v. Security Industry Specialist, Inc., et al., Case No. CV 19-10029-PA (JEM) (filed 11/22/19, dismissed 11/26/19). The Court found the Complaint, which was 144-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Frank Trevino "pursued and stalked [her] morning noon and night while working his official hours of employment" for a private company, the University of Southern California, the Department of Homeland Security, "and Los Angeles street gangmembers all of whom were solicit[]ed by, conspired together, jointly participated and engage[d] with Frank Trevino in this campaign of emotional and psychological fear, distress and abuse against my family and myself." Plaintiff further claimed that she was under 24-hour physical surveillance, including by "two strange men inside [her] living room wall," and has been subjected to "beeps, humming and strange vibrations that made [her] sick." The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 8.)

(5) <u>Brigette Michelle Huit Brownbey v. Dep't of Homeland Security, et al.</u>, Case No. CV 20-0080-PA (JEM) (filed 1/3/20, dismissed 1/9/20). The Court found the Complaint, which was 116-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Sergeant Frank Trevino "solicit[]ed and conspired with his present employers and Los Angeles street gangmembers" to pursue and stalk Plaintiff "morning noon and night." Plaintiff alleged that she was under 24-hour physical surveillance, including by a "surveillance camera found in [her] home thermostat with unknown men inside [her] walls," and is being poisoned in followed. The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 9.)

(6) <u>Brigette Michelle Huit Brownbey v. Frank Trevino, et al.</u>, Case No. CV 21-5578-PA (JEM) (filed 7/9/21, dismissed 7/13/21). The Court found the Complaint to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Sergeant Frank Trevino interfered with her mail, poisoned her, and placed her under 24-hour physical and electronic surveillance. The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 7.)

(7) <u>Brigette Michelle Huit v. Frank Trevino, et al.</u>, Case No. CV 21-9358-PA (JEM) (filed 12/2/21, dismissed 12/8/21). The Court found the Complaint to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Sergeant Frank Trevino defamed her to "Los Angeles gangmembers" and others in her community, put her under 24-hour surveillance, and subject her to "tracking, tampering, contaminants cyber crimes breaking and entering." Plaintiff also claimed that Trevino caused Plaintiff's hair to fall out, her dog's death, and intercepted her civil filings. The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 13.)

(8) <u>Brigette Michelle Huit v. Riquino Smith</u>, Case No. CV 21-9359-PA (JEM) (filed 12/2/21, dismissed 12/3/21). The Court found the Complaint to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that Court

6

employee Riquino Smith tampered with her filings and conspired with Frank Trevino to cause another of her complaints to be dismissed. The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 8.)

(9) <u>Brigette Huit v. Frank Trevino</u>, Case No. CV 21-9860-PA (JEM) (filed 12/22/21, dismissed 1/3/22). The Court found the Complaint, which was 144-pages long including exhibits, to be rambling, confused, largely unintelligible, and lacking an arguable basis in law or fact. Plaintiff alleged that she and/or her family members were the targets of a massive conspiracy by which they had foreign objects implanted into their heads and bodies, were under constant illegal surveillance, were being poisoned by heavy metals, and "suffer[ed] from sonic boom technology." The IFP request was denied and the case was dismissed because the claims were legally and/or factually patently frivolous. (Dkt. No. 7.)

### C. **Substantive Findings About the Frivolous or Harassing Nature of Plaintiff's Litigation**

Plaintiff's previous filings are both numerous and meritless. All of the cases listed above were dismissed as legally and/or factually patently frivolous. The Complaints are rambling, confusing, mostly unintelligible, and contain no credible claim for relief. Many are also duplicative and repetitive, asserting numerous far-fetched and fanciful allegations against Sergeant Frank Trevino and various other government and private individuals. Despite numerous explanations, Plaintiff has continued to file civil rights actions against a limited set of defendants raising the same or similar patently frivolous claims, knowing that the claims are deficient.

These cases easily satisfy the "substantive considerations" identified by the Ninth Circuit. They reflect a broad pattern of frivolous and/or harassing litigation that Plaintiff has initiated in this Court. Plaintiff could not have had an "objective good faith expectation of prevailing" as the Court has repeatedly explained to Plaintiff that these claims are meritless. While Plaintiff's <u>pro se</u> status is a mitigating factor in this analysis, it does not outweigh the burden on the Court that addressing Plaintiff's numerous meritless actions has involved.

Given this pattern, Plaintiff is likely to continue wasting the Court's resources on patently frivolous and harassing claims absent a vexatious litigant order.

Accordingly, the Court's substantive findings concerning Plaintiff's previous filings weigh strongly in favor of limiting her ability to engage in future frivolous litigation.

### D. A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("[A pre-filing] injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."). Plaintiff has demonstrated a pattern of filing frivolous lawsuits against a variety of defendants. See De Long, 912 F.2d at 1147. Thus, an order preventing Plaintiff from filing any future complaints against any defendant, without court permission, is appropriate in this situation.

If Plaintiff is found to be a vexatious litigant, this Court will recommend that a pre-filing order be issued requiring Plaintiff to obtain leave of court before filing any IFP application, complaint, or petition. Plaintiff will have to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court to file a new action or any document in a case that is closed and final.

### ORDER TO SHOW CAUSE

In accordance with the foregoing, Plaintiff Brigette Huit is ORDERED TO SHOW CAUSE why she should not be deemed a vexatious litigant in light of her repeated filing of frivolous actions.

If Plaintiff objects to being declared a vexatious litigant, she shall file a response to this Order to Show Cause no later than **February 21, 2022**, and shall present any grounds she may have to controvert the Court's findings set forth above, including an explanation of why the prior actions listed above are neither frivolous or harassing.

///
///
///

Plaintiff is expressly warned that failure to file a timely response to this Order will result in a recommendation that she be declared a vexatious litigant.

IT IS SO ORDERED.

Date: February 7, 2022              */s/ John E. McDermott*
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE